RENA LAZAR, PLAINTIFF-RESPONDENT, v. ISADORE COHEN, EDWARD COHEN AND MORRIS COHEN, TRADING AS SPOTLESS CLEANING AND DYEING CO., DEFENDANTS-APPELLANTS.

Submitted May 6, 1941—Decided November 6, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the appellants, *Aaron Heller*.

For the respondent, *Julius L. Malkin*.

The opinion of the court was delivered by

HEHER, J. Plaintiff was awarded judgment for the value of a coat which defendants undertook to clean and press for a stipulated consideration, including the cost of fire insurance coverage; and defendants appeal.

The agreed case reveals that defendants "turned the coat over to a cleaning factory"—a "reliable concern in the business of cleaning and dyeing garments"—"for the purpose of having it cleaned;" that "while the coat was in the custody of the factory, it was destroyed by fire through no fault of the

defendants;" that defendants "carried a policy of fire insurance on [their] store while the cleaning and dyeing factory carried a policy of insurance on the clothing;" that when plaintiff delivered the coat to defendants, "she was given a receipt for the same which had printed thereon the words 'This garment is insured for loss by fire;'" and that "she was to be charged the sum of forty cents of which one cent was to cover the cost of said insurance."

The insistence is that defendants "did carry the insurance which was promised," and therefore are not liable for loss of the subject-matter of the bailment. But such is plainly not the case.

This was a bailment *localio operis faciendi;* and defendants' engagement was to cause the chattel to be insured against loss by fire for the bailor's benefit until its redelivery to her. That was an integral term of the contract. The parties were at liberty thus to stipulate; and, if the bailees have defaulted in the fulfillment of the promise, they are answerable for the value of the garment. *Dale* v. *See,* 51 *N. J. L.* 378.

And there was a failure of performance. It was certainly not evidential of a compliance with the undertaking that the concern to whom the bailees delivered the coat for cleaning "carried a policy of insurance on the clothing," presumably that contained in its establishment. The latter's contractual relations with defendants have not been revealed. There is no showing that the particular article was within the coverage of that policy, and that plaintiff has the status of a creditor-beneficiary entitled to sue thereon. The insurance bargained for was not supplied, and defendants are liable for the breach.

Judgment affirmed, with costs.